## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3373 | **DATE** | 2/14/2003 |
| **CASE TITLE** | Nelson Montanez vs. A.C. Johnson & Son, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff moves for class certification. That motion is, for now, denied. Status hearing set for March 4, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | FEB 18 2003 | |
| ✓ | Docketing to mail notices. | | 25 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NELSON MONTANEZ, )
)
        Plaintiff, )
)
vs. ) No. 02 C 3373
)
A. C. JOHNSON & SON, INC., a Wisconsin )
corporation, )
)
        Defendant. )

**DOCKETED**

**FEB 1 8 2003**

## MEMORANDUM OPINION AND ORDER

Plaintiff sued in state court, claiming that a defective product of defendant, Glade PlugIns, caused a fire, resulting in extensive damage to his residence. He sought to maintain a class action for a class of all those who purchased Glade PlugIns "and are at risk for their own safety and the safety of their property and/or sustained physical damage as a result of the faulty and defective manufacture of the Glade PlugIns ...." Plaintiff moves for class certification. That motion is, for now, denied.

The motion seeks certification of a class more restricted than that first alleged. The class is defined as "all persons who incurred damages as a result of the use of Glade PlugIns." The product, as described by the parties, is an air freshener that is plugged into an electrical outlet so as to heat a heating coil, which, in turn, causes a scented gel to disperse into the surrounding air. It includes its own outlet receptacle, thus permitting other electrical devices to be plugged into it. It is, according to the plaintiff, a Glade PlugIn Extra Outlet device. According to the plaintiff, the heating coil may overheat or the gel may be flammable at a rather low temperature. The record establishes that over 20,000,000 of such devices have been sold. It also indicates that the Consumer Product Safety Commission has twice investigated the device and

chose not to take any remedial action. But that history relates to the merits of plaintiff's claim, which we do not consider in evaluating the appropriateness of class certification.

The motion, however, founders for at least two reasons. One is that plaintiff has not established that there are a sufficient number of class members to satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a). The only source of information about fire damage possibly caused by the device is, apparently, defendant's Consumer Resources Center database. The present record indicates that notes are kept of customer complaints and that complaints relating to electrical and non-electrical concerns result in incident reports. Plaintiff has not analyzed that database, and the only information we presently have relating to fire damage is that there are only a "very small number of incidents in which a consumer has reported any type of fire" and the affidavit of an investigator that in only three cases he investigated was there an allegation that the unit caught fire. One of those was the fire in plaintiff's home.

It is up to plaintiff to establish numerosity. He has not done so. Because he has not established the universe he expects to represent we cannot determine whether common issues predominate. Suffice it to say at this point that the cause of a fire may well be fact-intensive in each instance, and the broader the universe – *e.g.* tripped circuit breakers, blown fuses – the more numerous the possible explanations.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 14, 2003.